UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>JOHN DOE, *subscriber assigned IP address 68.48.212.231*,<br><br>     Defendant. | Case No. 25-cv-12916<br><br>Honorable Robert J. White |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE AND ISSUING A PROTECTIVE ORDER**

Plaintiff holds copyrights to several adult films and filed suit against an unknown Defendant John Doe at a certain IP address for allegedly downloading those films and distributing them without Plaintiff's permission. (ECF No. 1). Plaintiff now moves for leave to try and identify the Defendant by subpoenaing his or her Internet Service Provider (ISP) before a Rule 26(f) conference has occurred in the case. (ECF No. 5). Having reviewed the filings, the Court ORDERS that Plaintiff's motion (ECF No. 5) is GRANTED IN PART as follows:

1. Plaintiff has established "good cause" to serve a third-party subpoena on Defendant's ISP. *See Third Degree Films, Inc. v. Does 1-72*, No. 12-14106, 2012 WL 12931709, at *1 (E.D. Mich. Nov. 13, 2012).

2. Plaintiff may serve Defendant's ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the name and address—but not the telephone number or email address—of the Defendant to whom the ISP assigned an IP address as set forth in the Complaint. Plaintiff shall attach a copy of this Order to any such subpoena.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to the Defendant. If the ISP qualifies as a "cable operator" as defined by 47 U.S.C. § 522(5), it shall comply with 47 U.S.C. § 551(c)(2)(B) by sending a copy of this Order to the Defendant.

4. Plaintiff may use the information disclosed in response to a Rule 45 subpoena served on the ISP only for the purpose of protecting and enforcing its rights as set forth in its Complaint.

5. Courts in this District often let proper defendants remain anonymous during discovery when, as here, "the risk of false positives gives rise to the potential for coercing unjust settlements from innocent defendants," *Patrick Collins, Inc. v. John Does 1-28*, No. 12-13670, 2013 WL 359759, at *10 (E.D. Mich. Jan. 29, 2013), and the plaintiff will not be prejudiced by it. Out of an abundance of caution, because the ISP subscriber(s) currently flagged in Plaintiff's complaint might not be the individual(s) who allegedly infringed upon Plaintiff's copyright, *see, e.g.*, *Pacific Century Intern. Ltd. v. Does 1-101*, No. 11-2533, 2011 WL 5117424 (N.D. Cal. Oct. 27, 2011), and because allegations of illegally downloading adult films could touch on sensitive matters like an individual's sexuality, *Strike 3 Holdings, LLC v. Doe*, No. 19-10720, 2019 WL 2523591, at *1 (E.D. Mich. June 19, 2019), the Court issues the following protective order under Fed. R. Civ. P. 26(c):

The John Doe Defendant may proceed anonymously until discovery suggests that he or she is the individual with the IP address in Plaintiff's non-party subpoena; until further order of the Court, Defendant shall be identified in all public filings here as "John Doe," and no public filings shall contain Defendant's name, address, or any other identifying information. *See Flagg v. City of Detroit*, 268 F.R.D. 279, 310 n.9 (E.D. Mich. 2010).

Dated: September 19, 2025               s/ Robert J. White
                                        Robert J. White
                                        United States District Judge